# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | Chapter: | 7 |
| WEDDING BELLES, Inc., | ) | | |
| | ) | Case No: | 16-37858 |
| | ) | | |
| Debtor. | ) | Judge: | Janet S. Baer |

## NOTICE OF TRUSTEE'S MOTION FOR AUTHORITY FOR SALE OF ESTATE PROPERTY FREE AND CLEAR OF LIENS AND FOR AUTHORITY TO PAY FEES

TO:    See Attached Service List

PLEASE TAKE NOTICE THAT ON **June 1, 2018 at 11:00 a.m.** or as soon thereafter as Counsel may be heard, I shall present before the **Honorable Judge Janet S. Baer**, or any Judge sitting in her stead, at the courthouse located at **Courtroom 240, Kane County Courthouse, 100 S. Third Street, Geneva, Illinois** and present the attached *Trustee's Motion for Sale of Estate Property Free and Clear of Lines, and For Authority to Pay* at which time you may appear as you deem necessary.

## AT WHICH TIME AND PLACE YOU MAY APPEAR AND BE HEARD

                                              Frank J. Kokoszka, Esq.
                                              ARDC No. 6201436
                                              KOKOSZKA & JANCZUR, P.C.
                                              19 South LaSalle, Suite 1201
                                              Chicago, IL 60603-1419
                                              (312) 443-9600 phone
                                              (312) 254-3156 efax
                                              trustee@k-jlaw.com

## CERTIFICATE OF SERVICE

I, Frank J. Kokoszka, an attorney, on oath state that I caused to be served this Notice, Motion and proposed Order by mailing and/or electronically serving where available a copy to all parties shown on the attached service list and depositing same in the U.S. Mail at 19 S. LaSalle, Chicago Illinois on Friday, May 11, 2018 with proper postage prepaid.

                                              /s/ Frank J. Kokoszka
                                              Frank J. Kokoszka, Esq.

WEDDING BELLES SERVICE LIST

**Notice will be electronically mailed to:**

Kent A Gaertner on behalf of Debtor 1 The Swim Store Inc.
kgaertner@springerbrown.com, kgaertner@springerbrown.com;iprice@springerbrown.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Joel A Schechter, ESQ on behalf of Creditor Lauren Hammer
joelschechter@covad.net

William A. Hellyer on behalf of Shelly's Couture
Hellyer.office@williamhellyer.com


Notice by US Mail:

Julie Brown
1 N. Main St.
Unit 401
Algonquin, Il 60102

Joann Anders
1619 N 44Th Ave
Stone Park, Il 60165

United Parcel Service
C/O Receivable Management Services
P.O. Box 361345
Columbus, Oh 43236

Marsha Powers
314 Bartam
Riverside, Il 60546

American Express Bank
c/o Becket & Lee LLP
Po Box 3001
Malvern, Pa 19355-0701

AT&T Corp.
c/o AT&T Services Inc.
Karen A. Cavagnaro - Lead Paralegal
One At&T Way, Room 3A104
Bedminster, Nj 07921

BMO Harris Bank
Po Box 2035
Milwaukee, Wi 53201

Shelly's Bridal Couture
104 W. Main St.
Dundee, Il 60118

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | Chapter: | 7 |
| Wedding Belles, Inc., | ) | | |
| | ) | Case No: | 16-37858 |
| | ) | | |
| Debtor. | ) | Judge: | Janet S. Baer |

**TRUSTEE'S MOTION FOR AUTHORITY FOR SALE OF ESTATE PROPERTY FREE
AND CLEAR OF LIENS AND FOR AUTHORITY TO PAY FEES**

NOW COMES Frank Kokoszka, duly appointed and serving Chapter 7 Trustee, and in support of his Motion for approval of sale of Estate property pursuant to Code §363(f), and for authority to pay fees and in support thereof, respectfully states to this Honorable Court as follows:

1. This case was commenced by Debtor's filing of a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code on November 30, 2016 (the "Petition Date").

2. On November 30, 2016 Frank J. Kokoszka was appointed as the Trustee herein and continues to serve as the duly appointed Trustee (the "Trustee"). The meeting of Creditors was held in this case on December 27, 2016.

3. Included in the property of the estate was an inventory of 62 wedding gowns (the "Inventory"). Since the filing of the case, the Trustee had made attempts to sell and market the Inventory. Attempts to sell the inventory proved difficult for many reasons, including the fact that the estate had little if any funds to incur marketing fees and expenses for the sale of inventory.

4. After the petition date, the Trustee inventoried and inspected the inventory, which were stored by the Debtor's principals- George and Marcia McReynolds.

5. Unable to sell the inventory because of the lack of estate funds needed for the proper marketing, the Trustee had considered filing a Motion to Abandon and to close the Estate without distribution to any of the creditors. While considering the filing of a Motion to Abandon, the Trustee had discussions with the Debtors' principals because of their expertise in this particular market.

6. Based on these discussions, the Trustee and the Debtor's principals reached a tentative agreement that the Principals would continue to store and care for the inventory and would market and sell the Inventory for the Trustee. As part of the Agreement, the Debtor's principals would be responsible for all marketing costs, storage costs, shipping costs and any other related costs. The parties further agreed that to the extent possible each gown would be sold at a minimum of $150 per gown (except for a few gowns which were in poor condition). In return for incurring the costs and being responsible for such costs, for the storage of the gowns, and all work related to the marketing and sale of the inventory, the Principals would receive 50% of the sale[1].

7. The Trustee believes that the Agreement is and was in the best interests of the Estate. The Estate has saved significant costs of storage of the inventory while gaining the expertise of the Debtors' principals in marketing and selling the Inventory. Without this Agreement, there is the distinct possibility that the Estate would not be able to sell the Inventory in the near future, if at all, further delaying the administration of the Estate. Especially considering that the Estate was without adequate funds to market and sell the Inventory, the terms of the agreement is in the best interests of the Estate.

---

[1] The Trustee will not seek compensation for any distribution to the Debtors' Principals.

8. Before the Motion approving the Agreement of the Parties could be filed, the opportunity to sell some of the inventory arose and because of the time sensitivity of such offers, some of the inventory has been sold per the terms set forth herein. All the funds from the Sale of the Inventory have been tendered to the Trustee and the Debtors' Principals have prepared Bills of Sales for all items sold and have tendered the Bill of Sales to the Trustee.

9. Approving of the Sale of the Inventory will allow the Trustee to more expeditiously close the bankruptcy estate, make a distribution to creditors, and reduce the potential administrative costs to the bankruptcy estate.

10. The Trustee seeks authority to sell the Inventory, free and clear of liens. The Trustee asserts that no party has a lien or interest in the assets of the Estate. However, a Claimant, Shelly's Bridal Couture, has filed a Proof of Claim, Claim #11, asserting a secured claim. The Trustee disputes the Claimant's secured Claim (which the Trustee asserts is also a time barred claim) and will be filing a Motion to Determine the Secured Value of the Claim/Objection to Claim. Until such time as the priority status of that Claim is determined, the Trustee requests that to the extent that any claimant has a lien or secured interest in the Inventory, such lien or interest shall attach to the net proceeds of the sale of the inventory.

11. The Trustee requests that he be authorized to sell the Inventory, free and clear of liens pursuant to Code § 363(f) and he be authorized to pay to the Debtor's Principals 50% of the sale as compensation for the sale, storage, and care of the inventory.

12. Trustee is proving 21 days' notice of this Motion to Debtor's Counsel, the Office of the U.S. Trustee and those all creditors who have filed proof of claims herein.

**WHEREFORE** Frank J. Kokoszka as Chapter 7 Trustee prays for entry of an Order authorizing and approving the Sale of the Inventory free and clear of liens, with any liens or

interests attaching to the net proceeds of the sale of the Inventory; that the Trustee be authorized to pay George McReynolds and Marcia McReynolds 50% of the sale proceeds for the sale, care and storage of the and for any such other and further relief as this Court deems just and equitable.

                                                Respectfully submitted,
                                                Frank J. Kokoszka, Trustee herein


                                                By: /s/ Frank J. Kokoszka
                                                       Chapter 7 Trustee

Frank J. Kokoszka, Esq.
ARDC No. 6201436
KOKOSZKA & JANCZUR, P.C.
19 South LaSalle, Suite 1201
Chicago, IL 60603-1419
(312) 443-9600 phone
(312) 254-3156 efax
trustee@k-jlaw.com